The court incorporates by reference in this paragraph and adopts as the findings
and orders of this court the document set forth below.



/s/ Russ Kendig

Russ Kendig
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 06-62179 |
| I.E. LIQUIDATION INC. | ) | |
| (f/k/a Ideal Electric Company), | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge: Russ Kendig |

### ORDER CONFIRMING DEBTOR'S SECOND AMENDED
### CHAPTER 11 PLAN OF LIQUIDATION

On July 2, 2008, I.E. Liquidation, Inc. (f/k/a Ideal Electric Company) (the "Debtor"),

filed its "Second Amended Chapter 11 Plan of Liquidation . . ." [Docket No. 714] (as further

amended, modified or supplemented, and including all exhibits, the "Plan"),[1] and its "Second

Amended Disclosure Statement . . ." with respect to the Plan [Docket No. 715] (as further

amended, modified or supplemented, and including all exhibits, the "Disclosure Statement"); and

Upon finding that the Disclosure Statement satisfied the requirements of section 1125 of

the Bankruptcy Code, after due notice and hearing, this Court entered an Order, dated July 8,

2008 [Docket No. 717] (the "Disclosure Statement Approval Order"), which, among other

things, (i) approved the Disclosure Statement; (ii) fixed August 19, 2008, at 10:00 a.m. (EDT) as

the date for the hearing on confirmation of the Plan (the "Confirmation Hearing"); (iii) approved the form and manner of notice of the solicitation packages and solicitation procedures; (iv) approved the forms of ballots and procedures for voting on the Plan; and (v) fixed August 11, 2008, as the last day to vote on the Plan and/or to object to confirmation of the Plan (the "Voting/Objection Deadline"), all in accordance with the Bankruptcy Code and the Bankruptcy Rules; and

In compliance with the Disclosure Statement Approval Order, the Bankruptcy Code, and the Bankruptcy Rules, Kurtzman Carson Consultants, LLC ("KCC"), the Debtor's Court-approved notice and balloting agent, caused copies of the Disclosure Statement Approval Order, the Disclosure Statement, the Plan, notice of the Confirmation Hearing, forms of ballots, and related solicitation materials (the "Solicitation Packages") to be transmitted to all known holders of Claims or Equity Interests entitled to receive such Solicitation Packages, on or before July 11, 2008, as set forth in the "Certificate of Service" attached to the "[Praecipe] Regarding Service of Materials Related to the Solicitation of Votes on Debtor's Second Amended Plan . . .," filed on July 16, 2008 [*see* Docket No. 724]; and

On August 11, 2008, Litostroj Hydro, Inc. ("Litostroj") filed its "Objection . . . to Second Amended Chapter 11 Plan of Liquidation Proposed by I.E. Liquidation, Inc." [Docket No. 743] (the "Litostroj Objection"), in which Litostroj objected to certain provisions of the Plan. No other objections to confirmation were filed or interposed. The Debtor and the Official Committee of Unsecured Creditors (the "Committee") each filed timely Responses to the Litostroj Objection [Docket Nos. 744 and 749, respectively]; and

On August 18, 2008, the Debtor filed a Memorandum of Law in support of confirmation of the Plan [Docket No. 748] (the "Memorandum") and a Proffer and Summary of Evidence in

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Plan.

support of confirmation of the Plan [Docket No. 746] (the "Proffer of Evidence"); and

The Debtor also submitted the "Declaration of Michael Vucelic . . . ," the Debtor's former President and CEO, in support of confirmation of the Plan, dated August 15, 2008 [Docket No. 747] (the "Vucelic Declaration"); and

The "Certification of Angela M. Nguyen Regarding Votes Accepting or Rejecting the Second Amended Plan of Liquidation . . . ," filed on August 18, 2008  [*see* Docket No. 745], attests to the tabulation of all ballots received by KCC on or before the Voting Deadline from holders of Claims entitled to vote on the Plan[2] (the "KCC Declaration"); and

The KCC Declaration reflects that the Plan obtained the requisite acceptances under section 1129(a)(8) of the Bankruptcy Code from each impaired Class to support confirmation of the Plan; and

Pursuant to section 1128(a) of the Bankruptcy Code and the Disclosure Statement Approval Order, the Confirmation Hearing was held on August 19, 2008, at 10:00 a.m. (EDT), at which time all parties in interest were afforded an opportunity to be heard; and

Based upon the Court's review and consideration of: (i) the Proffer of Evidence; (ii) the KCC Declaration; (iii) the Vucelic Declaration; (iv) the Memorandum; (v) the Disclosure Statement; (vi) the Plan; (vii) the record of the Confirmation Hearing (including all of the evidence proffered at such hearing, all other papers filed in support of the Plan, and the arguments of counsel made at such hearing); and (viii) the entire record of the Chapter 11 Case; and after due deliberation thereof, and good cause appearing therefor; the Court makes the following findings of fact and conclusions of law:

---

[2] The Disclosure Statement Approval Order specified the Classes of Claims and Equity Interests whose holders were eligible to vote on the Plan, and the requirements that such holders had to satisfy for their votes to be counted. Votes cast by holders of Claims or Equity Interests not eligible to vote, or whose votes were not cast in compliance with the Disclosure Statement Approval Order, were not considered in the tabulation of votes to accept or reject the Plan.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]

A.    Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 1334(a)) and 157(b)(2). This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§157 and 1334 and the general order of reference in effect in this district. Venue in this district and division was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and this Court has the exclusive jurisdiction to consider confirmation of the Plan and to enter a Final Order with respect thereto.

B.    Judicial Notice. This Court takes notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all papers, pleadings, and other documents filed, all orders entered, and all evidence and arguments made or proffered at the hearings held before the Court, during the Chapter 11 Case.

C.    Transmittal and Mailing of Materials; Notice. The Disclosure Statement, the Plan, notice of the Confirmation Hearing, the Disclosure Statement Approval Order, the ballots, and related solicitation materials were transmitted and served in compliance with the Disclosure Statement Approval Order, the Bankruptcy Code, and the Bankruptcy Rules, and such transmittal and service was adequate and sufficient. All persons or entities required to be given notice of the Confirmation Hearing (including as to the Voting/Objection Deadline) have been given due, proper, timely, adequate, and sufficient notice, in accordance with the Disclosure Statement Approval Order, the Bankruptcy Code, and the Bankruptcy Rules, and have had ample opportunity to appear and be heard with respect thereto. No other or further notice thereof is

---

[3]The findings of fact and conclusions of law set forth in this Order constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this matter pursuant to Bankruptcy Rule 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any

required. The only objection filed or interposed in regard to confirmation of the Plan was the Litostroj Objection.

        D.      Solicitation and Tabulation. Votes for acceptance or rejection of the Plan were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the Disclosure Statement Approval Order, industry practice, and all other applicable laws, rules, and regulations.

        E.      Plan's Compliance With the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1):

        (i)      Proper Classification (11 U.S.C. §§ 1122; 1123(a)). The Plan provides for separate Classes of Claims and Equity Interests as appropriate for the Debtor. Classification of the Claims and Equity Interests in the Plan is proper and consistent with section 1122 of the Bankruptcy Code, because each Claim and each Equity Interest classified in such Classes is substantially similar to the other Claims and Equity Interests therein, and a reasonable basis exists for each classification in the Plan. The Plan properly complies with the subordination provision of section 510(b) of the Bankruptcy Code with respect to Class 3 Claims (Equity Interests). Accordingly, the Plan satisfies section 1123(a)(1) of the Bankruptcy Code.

        (ii)      Designation of Impaired and Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Article IV of the Plan designates that Class 1 (EMC Secured Claim) is not impaired under the Plan, and that Class 2 (Unsecured Claims) and Class 3 (Equity Interests) are impaired under the Plan, thereby satisfying sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code.

conclusions of law constitute findings of fact, they are adopted as such.

06-62179-rk    Doc 758    FILED 08/27/08    ENTERED 08/27/08 10:49:50    Page 5 of 27

(iii)     Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Article V of the Plan specifies the treatment of each impaired Class under the Plan -- specifically, Class 2 (Unsecured Claims) and Class 3 (Equity Interests) -- thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv)     Similar Treatment Within Each Class (11 U.S.C. § 1123(a)(4)). Article V of the Plan provides for the same treatment for each Allowed Claim or Allowed Equity Interest in each respective Class, unless the holder of such Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)     Implementation of the Plan (11 U.S.C. § 1123(a)(5)). Article VI of the Plan provides adequate and proper means for implementation of the Plan, by specifying that on the Effective Date the Liquidated Assets shall vest in and be transferred to the Liquidating Debtor, and shall be under the control of the Plan Administrator, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi)     No Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). The Plan provides that all Equity Interests will be canceled, unless all Allowed Claims are paid in full (including interest to holders of Allowed Class 2 Unsecured Claims as set forth in section 5.2 of the Plan).  Section 1123(a)(6) of the Bankruptcy Code is satisfied, because the Debtor (and the Liquidating Debtor) will not issue any non-voting equity securities within the meaning of such section.

(vii)     Appointment of Plan Administrator (11 U.S.C. § 1123(a)(7)). The Debtor has properly and adequately disclosed the identity of the Plan Administrator in the Plan. The manner of selection and appointment of the Plan Administrator is consistent with the

6

interests of holders of Claims and Equity Interests and with public policy. Therefore, the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

(viii)   Impairment of Classes (11 U.S.C. § 1123(b)(1)). In accordance with section 1123(b)(l) of the Bankruptcy Code, Article IV of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Equity Interests under the Plan.

(ix)   Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)). In accordance with section 1123(b)(2) of the Bankruptcy Code, the Plan provides for the rejection, pursuant to this Order and effective as of the Effective Date, of all remaining executory contracts and unexpired leases to which the Debtor is a party, except those that (1) have been specifically assumed and assigned or rejected pursuant to a Final Order of the Bankruptcy Court entered on or before the Confirmation Date, or (2) are listed on Exhibit B to the Plan, as such Exhibit B may be amended by the Debtor or Liquidating Debtor at any time within 45 days after the Effective Date.

(x)   Settlement or Adjustment, or Retention and Enforcement, of Claims or Interests Belonging to Debtor or Estate (11 U.S.C. § 1123(b)(3)). In accordance with section 1123(b)(3) of the Bankruptcy Code, the Plan provides for the Liquidating Debtor to retain and enforce any and all Claims, Causes of Action, and rights of the Debtor or its chapter 11 estate as of the Effective Date, including, but not limited to, all Claims, Causes of Action, or rights as against Litostroj and Electric Machinery Company, Inc. and its affiliates.

F.   Proponent's Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(2)). As proponent of the Plan, the Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

G.    <u>Plan Is Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is apparent from the evidence submitted and the records of the Chapter 11 Case, the Disclosure Statement and the hearing thereon, and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Case. All matters relating to the Plan and the confirmation thereof have been fully disclosed, and there are no special arrangements, amounts to be paid, or transactions not provided for in the Plan.

H.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor for services, or for costs and expenses in or in connection with the Chapter 11 Case or the Plan, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

I.    <u>Disclosures as to Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>. The identity, affiliation, and rate of compensation of the proposed Plan Administrator, Kevin Durst, has been disclosed in the Plan, thereby satisfying section 1129(a)(5) of the Bankruptcy Code.

J.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. The Plan does not provide for any rate changes subject to approval of state regulatory agencies, and therefore section 1129(a)(6) of the Bankruptcy Code is not applicable.

K.    <u>Best Interests of Creditors and Equity Interest Holders Test (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been

8

controverted by other evidence, and (iii) establishes that each holder of an impaired Claim or impaired Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

L.    Acceptance by Classes (11 U.S.C. § 1129(a)(8)). Class 1 is unimpaired under the Plan and, therefore, is conclusively deemed (pursuant to section 1126(f) of the Bankruptcy Code) to have accepted the Plan, thereby satisfying section 1129(a)(8) as to such Class. Of the two impaired Classes, holders of Claims in Class 2 and Equity Interests in Class 3 have voted to accept the Plan by the requisite majorities required by sections 1126(c) and (d) of the Bankruptcy Code. As to Classes 2 and 3, the requirements of section 1129(a)(8)(A) have been satisfied.

M.    Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Expense Claims and Priority Claims under Article III of the Plan satisfies the requirements of sections 1129(a)(9)(A) and 1129(a)(9)(C) of the Bankruptcy Code, because the Plan provides for the satisfaction of such Claims in Cash, to the extent such Claims are Allowed, on the later of: (i) thirty (30) days after the Effective Date, or (ii) the date that is ten days after the date on which such Claim becomes an Allowed Claim, or as soon after such date as is practicable, unless the Claim holder agrees to a different treatment. Furthermore, the treatment of Allowed Priority Claims is no less favorable to such holders than the treatment of the most favored non-priority unsecured claim provided for by the Plan.

N.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)). Section 1129(a)(10) of the Bankruptcy Code is satisfied with respect to the Plan. More than a majority in

06-62179-rk    Doc 758    FILED 08/27/08    ENTERED 08/27/08 10:49:50    Page 9 of 27

number and two-thirds in dollar amount of the non-insider Creditors in Class 2 voted to accept the Plan.

O.  Feasibility (11 U.S.C. § 1129(a)(11)). The Plan provides for the automatic vesting of the Liquidated Assets in the Liquidating Debtor on the Effective Date. The Liquidating Debtor will have sufficient funds to pay ongoing costs of administration, and to make distributions pursuant to the Plan. The Plan provides for the liquidation of all or substantially all of the Debtor's property, and confirmation of the Plan is not likely to be followed by the need for liquidation under Chapter 7 of the Bankruptcy Code or further reorganization of the Debtor. Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

P.  Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees under 28 U.S.C. § 1930 presented to date have been paid or provided for in the Plan, thereby satisfying section 1129(a)(12) of the Bankruptcy Code. Fees under 28 U.S.C. § 1930 presented post-confirmation shall be paid to the extent required by applicable statute from the Liquidated Assets.

Q.  Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). The Debtor does not (and will not) maintain any retiree benefits plans as set forth in sections 1114(a) and 1129(a)(13) of the Bankruptcy Code and, therefore, the requirements of section 1129(a)(13) are not applicable.

R.  Other Confirmation Provisions Not Applicable (11 U.S.C. §§ 1123(a)(8), 1129(a)(14), 1129(a)(15), 1129(a)(16)). On their face, and for the reasons stated in the Memorandum, sections 1123(a)(8), 1129(a)(14), 1129(a)(15), and 1129(a)(16) are not applicable to the Debtor or to the Plan.

S.  Identification of Plan Proponent (Fed. R. Bankr. P. 3016(a)). As required

06-62179-rk   Doc 758   FILED 08/27/08   ENTERED 08/27/08 10:49:50   Page 10 of 27

by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the Plan proponent.

T. <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>. The Plan provides that Allowed Claims within Class 2 and Allowed Equity Interests within Class 3, respectively, will be treated the same way as other Claims or Equity Interests in each such respective Class will be treated. The Plan therefore does not discriminate – unfairly or otherwise – against any Claim or Equity Interest within each such Class, and thereby satisfies section 1129(b)(1) of the Bankruptcy Code. Also, the Plan satisfies the "fair and equitable" test as to Class 2 and Class 3. The Plan provides that unless and until all Allowed Claims are paid in full (including interest to holders of Allowed Class 2 Unsecured Claims as set forth in section 5.2 of the Plan), on the Effective Date all Equity Interests will be cancelled, without further action under applicable agreements, law, regulations, orders, or rules, and holders of Equity Interests will not receive or retain any rights, property, or distributions on account of their Equity Interests under the Plan. Accordingly, the Plan satisfies section 1129(b)(2) of the Bankruptcy Code as to Class 2 (Unsecured Clams). Likewise, the "fair and equitable" test is satisfied as to Class 3 (Equity Interests), because there are no holders of any Claim or Equity Interest junior in priority to such Class who could receive or retain any property under the Plan.

U. <u>Principle Purpose of Plan (11 U.S.C. § 1129(d))</u>. The principle purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and no party in interest that is a governmental unit has so alleged. Therefore, the Plan complies with section 1129(d) of the Bankruptcy Code.

V. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. The Debtor and its directors, officers, agents, representatives, professionals, financial advisors, attorneys, accountants, and employees have solicited votes on the Plan in good faith and in compliance

11

with the applicable provisions of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(c) of the Bankruptcy Code and the limitation of liability provision in section 9.2 of the Plan.

W. **Assumption and Rejection of Executory Contracts and Unexpired Leases** (11 U.S.C. § 365(a)). Article XII of the Plan, governing the assumption and rejection of executory contracts and unexpired leases, satisfies the requirements of section 365 of the Bankruptcy Code. The rejection of the Debtor's remaining executory contracts and unexpired leases, with the exceptions set forth in Article XII of the Plan, is in the best interests of the Debtor's chapter 11 estate and is a proper exercise of the Debtor's sound business judgment.

X. **Injunction and Exculpation.** The injunction and exculpation provisions contained in Article IX of the Plan are fair, equitable, and reasonable, are integral to effectuation of the Plan, and are in the best interests of the Debtor and its chapter 11 estate.

Y. **Conditions to Confirmation.** The conditions to confirmation set forth in Article XIV of the Plan have been satisfied.

## ORDER

Based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED that:**

1. **Confirmation.** The Plan (as modified by paragraph 3 hereof) is hereby confirmed. The terms and provisions of the Plan (as modified by paragraph 3 hereof) hereby are incorporated by reference into, and hereby are made an integral part of, this Order. The terms and provisions of the Disclosure Statement (that describe the Plan) and the terms and provisions of this Order are integrated with each other, are nonseverable, and are mutually dependent, unless expressly stated otherwise by further order of this Court (entered after notice and a

12

hearing).

2. Objections. Any portions of the Litostroj Objection (and all reservations of rights included therein) that have not been rendered moot shall be, and hereby are, overruled.

3. Modifications to Plan. Notwithstanding anything to the contrary contained in this Order or in the Plan:

(a) the *Stipulation and Agreed Order Establishing Amounts of Allowed General Unsecured Claims of Litostroj Hydro, Inc. for Voting Purposes Only* [Docket No. 734], including, without limitation, allowed claim amounts (for voting purposes) set forth therein, shall not be used to calculate the amount of Disputed Claim Reserves in respect of Proofs of Claim Nos. 131 and 132 (together, the "Litostroj Claims") filed by Litostroj; and

(b) nothing contained in this Order or in the Plan affects or modifies or shall be deemed to affect or modify Litostroj's rights to set-off and/or recoupment in connection with the Litostroj Claims and/or the claims, causes of action and/or defenses that are the subject of Adversary Proceeding Nos. 08-06077 and 08-06078.

Section 11.4 of the Plan shall be, and hereby is, amended to delete the reference to "10.3", and to replace it with "11.3".

4. Assumption and Rejection of Executory Contracts and Unexpired Leases. The Debtor is hereby authorized to reject (and by the entry of this Order is hereby deemed as of the Effective Date to reject) all of the remaining executory contracts and unexpired leases to which the Debtor is a party, except for (a) executory contracts and unexpired leases that have been specifically assumed and assigned or rejected in accordance with a Final Order of the Bankruptcy Court entered on or before the Confirmation Date, or (b) that are listed in Exhibit B to the Plan. Notwithstanding anything in this Order to the contrary, the Debtor and Liquidating Debtor are hereby deemed to retain the right to amend Exhibit B to the Plan, and thereby to change the treatment of any executory contract or unexpired lease under the Plan, at any time within 45 days after the Effective Date. The Debtor hereby is released and discharged from all

13

obligations arising under all executory contracts and unexpired leases rejected by the Debtor during the Chapter 11 Case or that now or hereafter are rejected pursuant to the Plan. All executory contracts or unexpired leases assumed and assigned by the Debtor during the Chapter 11 Case or under the Plan remain in full force and effect for the benefit of the Liquidating Debtor and the Plan Administrator or any assignees of such contracts or leases, as the case may be, notwithstanding any provision in any such contract or lease (including those described in sections 365(b)(2) and 365(f) of the Bankruptcy Code) that prohibits or conditions such assignment or transfer or that enables, permits, or requires termination of such contract or lease.

5.　　Injunction and Exculpation. The injunction and exculpation provisions in sections 9.2 and 9.3 of the Plan shall be and hereby are effective, binding upon, and enforceable against all persons and entities (including, but not limited to, all persons or entities who have held, currently hold, or may hold (a) any Claim or other debt or liability that is unclassified by the Plan, that is classified by Article IV of the Plan, or that is subject to distribution under the Plan, or (b) any Equity Interest).

6.　　Binding Effect. Effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, in accordance with section 1141(a) of the Bankruptcy Code, the Plan, its provisions, and this Order shall be binding upon: (a) the Debtor; (b) the Liquidating Debtor, (c) the Plan Administrator, (d) the Creditor Advisory Board, (e) any party to an executory contract or unexpired lease with the Debtor; and (f) any Creditor or holder of an Equity Interest of the Debtor, whether or not the Claim or Equity Interest of such Creditor or Interest holder is impaired under the Plan and whether or not such Creditor or Equity Interest holder has accepted the Plan or filed a proof of claim.

7.　　General Authorizations. The Debtor, the Liquidating Debtor, the Plan

14

Administrator, the Creditor Advisory Board, and each of their respective directors, officers, employees, trustees, agents, and attorneys, shall be and hereby are authorized and empowered pursuant to section 1142(b) of the Bankruptcy Code, and without further notice, hearing, or order of the Court, (a) to execute, deliver, record and file, and to take such action as is necessary or appropriate to effectuate the terms of, any instruments, agreements, and documents contemplated by the Plan, and (b) to take any or all actions authorized to be taken pursuant to the Plan (whether or not specifically referred to in the Plan) as any of them reasonably may determine are necessary or appropriate to implement, effectuate, or consummate the Plan, this Order, or any of the transactions contemplated by the Plan or this Order. Without limiting the preceding sentence, from and after the Effective Date each of the Plan Administrator and the Creditor Advisory Board shall be, and hereby are, authorized and empowered (in their respective discretion) to engage attorneys, accountants, and other persons as set forth in Article VI of the Plan and any other applicable provisions of the Plan, and the Plan Administrator shall be, and hereby is, authorized from and after the Effective Date to pay such attorneys, accountants, and other persons from the Liquidated Assets in the ordinary course and without further hearing or order of the Court, subject to the limitations and provisions of the Plan. Commencing on the tenth Business Day of the first full month after the Effective Date, the Plan Administrator shall file monthly statements with the Court setting forth all amounts paid to professionals from the Liquidated Assets in the preceding month, and the period of time the payments represent. To the extent that, under applicable nonbankruptcy law, any of the actions described in this paragraph otherwise would require the consent or approval of the directors or stockholder(s) of the Debtor, this Order shall, and hereby does, constitute such consent to approval and such actions shall be, and hereby are, deemed to be taken by unanimous action of the directors and stockholder(s) of

15

the Debtor. Any and all contracts, instruments, agreements, or documents required to be executed pursuant to the Plan (if any) shall be, and hereby are, authorized and approved in all respects.

8. Payments to the U.S. Trustee. The Liquidating Debtor shall pay to the Office of the United States Trustee the appropriate sums required pursuant to 28 U.S.C. § 1930(a)(6) as and when the same shall come due, and shall continue to make payments to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) for all periods up to the date the Chapter 11 Case is converted, dismissed, or closed by an order of this Court.

9. Vesting of Liquidated Assets in the Liquidating Debtor. Pursuant to section 1141 of the Bankruptcy Code and the Plan, on the Effective Date (and except as otherwise provided in the Plan), (a) all of the Liquidated Assets [including, but not limited to, the Causes of Action (including without limitation the causes of action set forth on Exhibit A to the Plan, as it may be amended or supplemented pursuant to the Plan) shall be, and hereby are, automatically vested in and transferred to the Liquidating Debtor, (b) the vesting and transfer of the Liquidated Assets in and to the Liquidating Debtor, as contemplated by the Plan, shall be, and hereby are, free and clear of all Liens, Claims, and Equity Interests, unless specifically provided otherwise in the Plan, (c) the Plan Administrator may use, acquire, and dispose of any of the Liquidated Assets without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, unless and except as otherwise expressly provided by the Plan or this Order. The transfer of the Liquidated Assets to (and vesting of the Liquidated Assets in) the Liquidating Debtor shall not result in or constitute a fraudulent transfer or fraudulent conveyance under applicable federal and state laws with respect to the Debtor. Any attorney-client privilege, attorney work-product doctrine, or other privilege, immunity, or

16

protection from disclosure in respect of the Debtor or the Liquidated Assets are hereby preserved for and transferred to the Liquidating Debtor.

10.  Exemptions Under Sections 1145 and 1146. Pursuant to section 1145 of the Bankruptcy Code, transfers of any securities in respect of the Plan shall be and are exempt from the registration and licensing requirements of federal and state securities laws. Pursuant to section 1146(c) of the Bankruptcy Code: (a) the issuance, distribution, transfer, delivery, or exchange of any notes, securities or membership interests in respect of the Plan; (b) the execution or delivery of any contract, instrument, release, and other agreement or document associated therewith; (c) the creation, modification, consolidation, or recording of any mortgage, deed of trust, lien, or other security interest, or the securing of indebtedness by such means or by other means in respect of the Plan; (d) the making, assignment, delivery, or recording of any lease; or (e) the making, assignment, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan (including, but not limited to, any deeds, bills of sale, assignments, or other instruments of transfer executed in connection with any transactions arising out of, contemplated by, in furtherance of, or in any way related to the Plan), shall not be subject to any stamp tax, real estate transfer tax, or other similar tax or governmental assessment, and the appropriate state or local governmental officials or agents shall be, and hereby are, directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the imposition or payment of any such tax or governmental assessment.

11.  Appointment of Plan Administrator. On the Effective Date, the appointment of the Plan Administrator shall become effective pursuant to, and in accordance with, the Plan. On and after the Effective Date, the Plan Administrator shall be, and hereby is,

authorized to compensate himself and to reimburse his reasonable out-of-pocket expenses from the Liquidated Assets as provided in the Plan (including for services rendered and expenses incurred prior to the Effective Date in connection with the Chapter 11 Case). The Plan Administrator shall be, and hereby is, authorized to request interim and transition services from counsel to the Debtor after the Effective Date, and to compensate such counsel from the Liquidated Assets for any interim and transition services provided or expenses incurred relating thereto, without further hearing or order of the Court.

12. <u>Liquidating Debtor's Causes of Action</u>. As of the Effective Date, in accordance with section 1123(b)(3)(B) of the Bankruptcy Code, any and all Causes of Action shall become assets of the Liquidating Debtor, and the Plan Administrator (as the representative and agent on behalf of the Liquidating Debtor) shall have the authority to commence, prosecute, and abandon such Causes of Action, to make and file objections to Claims, and to prosecute and resolve the Disputed Claims, for the benefit of the estate, subject to certain approval rights of the Creditor Advisory Board as set forth in the Plan. After the Effective Date, the Plan Administrator on behalf of the Liquidating Debtor shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon or dismiss all such Causes of Action, objections to Claims, and Disputed Claims, without supervision or approval of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, subject to approval of the Creditor Advisory Board when required as set forth in more detail in the Plan. Certain of the Causes of Action are described on <u>Exhibit A</u> of the Plan. <u>Exhibit A</u> of the Plan, as it has been or may in the future be amended or supplemented pursuant to the Plan, and the additional description of certain claims and causes of action set forth in the Disclosure Statement, are incorporated herein by reference, and all Causes of Action referenced therein are vested in the

18

Liquidating Debtor in accordance with section 1123(b)(3)(B) of the Bankruptcy Code and the Plan. Exhibit A of the Plan is a non-exclusive listing, and the effect of this Order is to vest all Causes of Action, whether or not specifically set forth on Exhibit A of the Plan, in the Liquidating Debtor. Nothing herein limits or improves the rights of any creditor, to the extent such rights currently exist, to seek to pursue Causes of Action on behalf of the estate, under relevant law, if the Plan Administrator abandons such Causes of Action.

13. Creditor Advisory Board. The formation of the Creditor Advisory Board shall be, and hereby is, authorized and approved in all respects, and the Creditor Advisory Board hereby is vested (as of the Effective Date) with such rights, duties, and powers as provided for under the Plan. Prior to the Effective Date, the Committee shall file a Notice with the Court identifying all members of the Creditor Advisory Board.

14. Failure to Consummate Plan. If the Effective Date does not occur, then (a) the Plan, (b) the rejection of any executory contracts and unexpired leases pursuant to the Plan, (c) any instrument, document, or agreement executed or delivered pursuant to the Plan, and (d) any actions, releases, waivers, or injunctions authorized by (or taken pursuant) to this Order or any other order in aid of consummation of the Plan shall be deemed null, void, and of no force or effect. In such event, nothing contained in this Order, in any other order in aid of consummation of the Plan, or in the Plan (and no acts taken in preparation for, or in connection with, the consummation of the Plan): (i) shall be deemed to constitute a waiver or release of any Causes of Action, Claims, or Equity Interests by or against the Debtor or any other person, to prejudice in any manner the rights of the Debtor or any entity or person in any further matters, cases, or proceedings involving the Debtor or otherwise, or to constitute an admission of any sort by the Debtor or any other entity or person as to any issue; or (ii) shall be construed as a finding of fact

19

or conclusion of law in respect thereof.

15. _Retention of Jurisdiction_. The Court shall retain jurisdiction to the fullest extent permissible by applicable law, including in accordance with Article XIII of the Plan, the other provisions of this Order, and sections 1141 and 1142 of the Bankruptcy Code. Until the Chapter 11 Case is closed, any party in interest may commence a contested matter or proceeding in this Court in respect of any matter or issue as to which jurisdiction has been retained.

16. _Notice of Effective Date and Entry of Confirmation Order_. In accordance with Bankruptcy Rules 2002 and 3020(c), within 10 business days after the Effective Date, KCC, the Debtor's noticing agent, shall cause notice of the occurrence of the Effective Date and entry of this Order to be given (by United States mail, first-class postage prepaid, by hand, or by overnight courier service) to (a) the Office of the United States Trustee, (b) the Internal Revenue Service, (c) any entities or persons who objected to the Disclosure Statement or to confirmation of the Plan (unless such objections were withdrawn), (d) entities or persons who requested notices under Bankruptcy Rule 2002, (e) all parties to executory contracts and unexpired leases rejected pursuant to the Plan, (f) all Creditors who have filed proofs of claim in the Chapter 11 Case or who are listed in the Debtor's Schedules, (g) all known holders of outstanding Claims against the Debtor arising after the Petition Date and before the Effective Date, and (h) all known holders of Equity Interests. The notice of the Effective Date may be included in or with the Notice of Bar Dates (defined below) or any other notices referenced in this Order. In addition to such notice, KCC shall cause a copy of this Order to be served upon each of the parties listed in subparagraphs (a), (b), (c), (d), (e) and (f) hereof as soon as practicable after the Confirmation Date.

17. _Bar Date for Claims for Professional Fees_. Any person or entity seeking

allowance of compensation for services rendered or reimbursement of expenses incurred (through and including the Confirmation Date) under sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code shall file a final application for allowance of such compensation for services rendered and reimbursement of such expenses incurred through the Confirmation Date, no later than ninety (90) days after the Effective Date, pursuant to Section 2.3 of the Plan.

18.     Bar Date for Rejection Damages Claims. If the rejection of any executory contract or unexpired lease pursuant to Article XII of the Plan or this Order gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtor, the Liquidating Debtor, the Plan Administrator, their respective successors, or their respective properties (including, but not limited to, the Liquidated Assets), unless a proof of Claim is filed with the Bankruptcy Court and served on the Debtor or the Liquidating Debtor, the Plan Administrator, the Creditor Advisory Board, and their respective counsel no later than the first Business Day that is thirty (30) days after the Confirmation Date, pursuant to Section 12.3 of the Plan.  Nothing herein shall be deemed to extend any prior bar date with respect to any executory contract or unexpired lease that was rejected other than pursuant to the Plan.

19.     Notice of Bar Dates. Within ten Business Days after the occurrence of the Effective Date, KCC shall cause notice of each of the bar dates established by paragraphs 17 and 18 hereof to be given, substantially in the form attached hereto as Exhibit A (the "Notice of Bar Dates") (by United States mail, first-class postage prepaid, by hand, or by overnight courier service), to (a) all known holders of Administrative Expense Claims, (b) all professional persons retained in the Chapter 11 Case, and (c) all non-Debtor parties to any executory contract or unexpired lease that is rejected pursuant to Article XII of the Plan or this Order.  The Notice of

21

Bar Dates may be included in or with the other notices referenced in this Order.

20. <u>Waiver of Bankruptcy Rule 3020</u>. The ten-day stay of this Order otherwise imposed by Bankruptcy Rule 3020(e) is waived. The Debtor is authorized to consummate the Plan and the transactions contemplated thereby in accordance with the terms of the Plan.

21. <u>Conflicts Between this Order and the Plan</u>. To the extent of any inconsistency between the provisions of the Plan and this Order, the terms and conditions contained in this Order shall govern.

22. <u>Final Order.</u> There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Order as a final order or judgment of the Court, as provided in and for purposes of Fed. R. Civ. P. 58 (made applicable herein by Bankruptcy Rule 9021), Bankruptcy Rule 5003, and Fed. R. Civ. P. 54 (made applicable herein by Bankruptcy Rules 7054 and 9014).

# # #

SUBMITTED BY:

*/s/ Harry W. Greenfield*
HARRY W. GREENFIELD, ESQ. (0003839)
greenfield@buckleyking.com
JEFFREY C. TOOLE, ESQ. (0064688)
toole@buckleyking.com
DOV Y. FRANKEL, ESQ. (0077562)
frankel@buckleyking.com
BUCKLEY KING LPA
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, Ohio 44114-2652
Telephone: (216) 363-1400
Facsimile: (216) 579-1020

Attorneys for I.E. Liquidation, Inc.
(f/k/a Ideal Electric Company),
Debtor and Debtor-In-Possession

7968\012\Order confirming plan 003.doc

# EXHIBIT A

23

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | ) |
| | ) Case No. 06-62179 |
| I.E. LIQUIDATION INC. | ) |
| (f/k/a Ideal Electric Company), | ) Chapter 11 |
| | ) |
| Debtor. | ) Judge: Russ Kendig |

### NOTICE OF (1) ENTRY OF PLAN CONFIRMATION ORDER, (2) OCCURRENCE OF PLAN EFFECTIVE DATE, AND (3) IMPORTANT BAR DATES

PLEASE TAKE NOTICE THAT:

### ENTRY OF CONFIRMATION ORDER

1.     On July 2, 2008, I.E. Liquidation, Inc. (f/k/a/ Ideal Electric Company) (the "Debtor") filed its "Second Amended Chapter 11 Plan of Liquidation . . ." (as further amended, supplemented or otherwise modified, and including exhibits thereto, the "Plan").

2.     A hearing was held on August 19, 2008, to consider confirmation of the Plan. The Plan was confirmed, as modified by order of the Bankruptcy Court, dated _____, 2008 (the "Confirmation Order").

### EFFECTIVE DATE OF PLAN

3.     The Plan became effective on September ____, 2008 (the "Effective Date").

### IMPORTANT BAR DATES

4.     REJECTION DAMAGES CLAIMS BAR DATE: Pursuant to Article XIII of the Plan and paragraph 18 of the Confirmation Order, if the rejection of any executory contract or unexpired lease (collectively, the "Executory Contracts") pursuant to Article XIII of the Plan gives rise to a Claim (as that term is defined in title 11 of the United States Code) by a non-Debtor party or parties to such rejected Executory Contract, such Claim shall be forever barred and shall not be enforceable against the Debtor, the Liquidating Debtor (as that term is defined in

24

the Plan), their respective successors, or their respective properties, <u>unless</u> a proof of Claim is filed, as provided in paragraphs 6 and 7 below, by **not later than** **, 2008.**

5. DEADLINE FOR FILING FINAL FEE APPLICATIONS FOR PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT: Pursuant to paragraph 17 of the Confirmation Order, any professional seeking allowance or compensation and reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of title 11 of the United States Code ("Professional Fee Claims") shall file a final application for allowance of such Professional Fees Claims incurred though the date of the Confirmation Order (collectively, the "Final Fee Applications") with the Bankruptcy Court, as provided in paragraph 8 below, by **not later than** **, 2008.**

## WHERE TO FILE PROOFS OF CLAIMS

6. Any Proof of Claim described in paragraph 4 herein must be filed so as to be <u>received</u> on or before _____, **2008**, at the following address (the "Claims Administration Center"):

**KURTZMAN CARSON CONSULTANTS LLC**
**2335 ALASKA AVENUE**
**EL SEGUNDO, CALIFORNIA 90245**

A proof of Claim will be deemed timely filed only if the original proof of Claim is <u>actually</u> <u>received</u> by the Claims Administration Center on or before the date specified in this paragraph. Proofs of Claim may <u>not</u> be delivered by facsimile or telecopy. DO NOT SEND PROOFS OF CLAIMS TO THE BANKRUPTCY COURT.

7. If you file a proof of Claim, your filed proof of Claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States, and (iii) conform substantially to Official Form 10. You should include all Claims against the Debtor in a single

06-62179-rk    Doc 758    FILED 08/27/08    ENTERED 08/27/08 10:49:50    Page 25 of 27

proof of Claim form. You must attach to your completed proof of Claim form copies of any document upon which such Claim is based.

## WHERE TO FILE FINAL FEE APPLICATIONS

8.    Final Fee Applications must be filed with the United States Bankruptcy Court for the Northern District of Ohio and served in accordance with the Local Rules and Orders of the Bankruptcy Court, and copies must be mailed or declined to: (i) the Plan Administrator, Kevin Durst, Hillyer Group, 1215 Superior Avenue, Suite 400, Cleveland, Ohio 44114; (ii) counsel to the Plan Administrator: _____; (iii) the Office of the United States Trustee, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue, East, Suite 441, Cleveland, Ohio 44114; and (iv) counsel to the Creditor Advisory Board: _____.

## CONSEQUENCES OF FAILURE TO FILE

9.    ANY CREDITOR WHO FAILS TO FILE (i) A PROOF OF CLAIM FOR ANY REJECTION DAMAGES CLAIM OR (ii) A FINAL FEE APPLICATION ON OR BEFORE THE RESPECTIVE DEADLINES SPECIFIED IN THIS NOTICE WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR, THE LIQUIDATING DEBTOR, THE PLAN ADMINISTRATOR, THEIR RESPECTIVE SUCCESSORS, OR THEIR RESPECTIVE PROPERTIES. THE DEBTOR, THE LIQUIDATING DEBTOR, THE PLAN ADMINISTRATOR, THEIR RESPECTIVE SUCCESSORS, AND THEIR RESPECTIVE PROPERTIES WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO ANY SUCH CLAIM, AND THE HOLDER OF SUCH CLAIM SHALL NOT PARTICIPATE IN ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF

26

SUCH CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

10. If you need a proof of claim form or have questions about the mailing instructions included herein, please contact the Claims Administration Center at (866) 381-9100. **YOU SHOULD CONSULT YOUR ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM OR FINAL FEE APPLICATION. <u>DO NOT ATTEMPT TO CONTACT THE BANKRUPTCY COURT FOR ADVICE</u>.**

Respectfully submitted,

HARRY W. GREENFIELD, ESQ. (0003839)
greenfield@buckleyking.com
JEFFREY C. TOOLE, ESQ. (0064688)
toole@buckleyking.com
DOV Y. FRANKEL, ESQ. (0077562)
frankel@buckleyking.com
Buckley King, LPA
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, Ohio 44114-2652
Telephone: (216) 363-1400
Facsimile: (216) 579-1020

Attorneys for I.E. Liquidation, Inc.
(f/k/a Ideal Electric Company),
Debtor and Debtor-In-Possession